UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAWN GUINDON            :
                                     :
          v.                 :     C.A. No. 11-090A
                                       :
MICHAEL J. ASTRUE,         :
Commissioner of the Social Security   :
Administration                :

**MEMORANDUM AND ORDER**

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act ("Act"), 42 U.S.C. § 405(g).  Plaintiff filed her Complaint on March 8, 2011 seeking to reverse the decision of the Commissioner.  On September 30, 2011, Plaintiff filed a Motion to Reverse the Decision of the Commissioner.  (Document No. 8).  On January 13, 2012, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner.  (Document No. 11).

With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  Based upon my review of the record and the legal memoranda filed by the parties, I find that there is substantial evidence in the record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act.  Consequently, I order that the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (Document No. 11) be GRANTED and Plaintiff's Motion to Reverse the Decision of the Commissioner (Document No. 8) be DENIED.

## I.      PROCEDURAL HISTORY

Plaintiff filed applications for SSI (Tr. 99-105) and  DIB (Tr. 106-112) on March 12, 2008 alleging disability as of January 31, 2005.  Plaintiff's applications were denied initially on November 6, 2008 (Tr. 56-61) and on reconsideration on March 10, 2009.  (Tr. 65-70).  Plaintiff requested an administrative hearing on April 21, 2009.  (Tr. 71-72).  On July 13, 2010, a hearing was held before Administrative Law Judge Barry H. Best (the "ALJ") at which time Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified.  (Tr. 18-51).  The ALJ issued a decision adverse to Plaintiff on August 27, 2010.  (Tr. 4-17).  Plaintiff's claim was selected for review by the Decision Review Board.  (Tr. 4).  On January 11, 2011, the Decision Review Board notified Plaintiff that it had not completed its review of the ALJ's decision within the time allowed and that the ALJ's decision had become final.  (Tr. 1-3).  A timely appeal was then filed in this Court.

## II.      THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred in his evaluation of, and the weight accorded to, the opinions of the examining and reviewing psychologists and treating psychiatrist.

The Commissioner disputes Plaintiff's claim and argues that affirmance of the ALJ's decision is warranted because substantial evidence supports his findings regarding the medical opinion evidence.

## III.      THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more

than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d  31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences.  Seavey, 276 F.3d at 8.  To remand under sentence four, the court must either find that the Commissioner's

decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.  Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence four remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).  After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Jackson, 99 F.3d at 1095.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id.  The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

## IV.    DISABILITY DETERMINATION

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported

by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(d)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's RFC (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

-6-

**B.      Developing the Record**

The ALJ has a duty to fully and fairly develop the record.    Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

**C.      Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

**D.      The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her RFC, age, education and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of Health and

Human Servs., 686 F.2d 76 (1ˢᵗ Cir. 1982), 42 U.S.C. §§ 416(I)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

### E.    Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11ᵗʰ Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243,

248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment."  <u>Nguyen</u>, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4) Treatment, other than medication, for relief of pain;
>
> (5) Functional restrictions; and
>
> (6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

### 2.     Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

### V.     APPLICATION AND ANALYSIS

Plaintiff was thirty-nine years old at the time of the ALJ's decision.  (Tr. 106).  Plaintiff earned her GED in 1988 (Tr. 390) and has worked in the relevant past as a data entry clerk, waitress, cashier, housekeeper, factory worker and CNA.  (Tr. 15, 133, 140).  Plaintiff claims disability due to depression and anxiety.  (Tr. 132).

On August 13, 2008, Plaintiff was evaluated by Dr. Wendy Schwartz, a consulting psychologist. (Tr. 388-396). Plaintiff complained to Dr. Schwartz of depression and anxiety. (Tr. 390-391). Plaintiff's score on a mini-mental status exam was normal. (Tr. 392). Dr. Schwartz reported that Plaintiff was alert and oriented in all three spheres. Id. Dr. Schwartz reported that Plaintiff's overall level of intellectual functioning was in the "low average range." (Tr. 395). Plaintiff appeared to be mildly to moderately impaired in her ability to understand, remember and follow directions and moderately to severely impaired in her ability to respond appropriately to customary work pressures and colleagues and supervisors. (Tr. 396). Dr. Schwartz opined that Plaintiff did not appear to have significant difficulties in dealing with coworkers or with people who were in positions of authority, and she demonstrated fair coping skills. Id. Dr. Schwartz also offered her personal opinion after meeting with Plaintiff that "she does not appear to be significantly impaired." Id. Dr. Schwartz further noted that Plaintiff had been able to maintain consistent full-time employment as an adult. Id.

On September 11, 2008, Dr. Joseph Litchman, a state agency consulting psychologist, completed a Psychiatric Review Technique Form and a mental RFC assessment based upon a review of the record. (Tr. 397-414). According to Dr. Litchman, Plaintiff had affective disorders, anxiety-related disorders and a substance addiction disorder. (Tr. 397). Dr. Litchman opined that Plaintiff was mildly limited in activities of daily living; moderately limited in maintaining social functioning; and moderately limited in maintaining concentration, persistence or pace. (Tr. 407).

Dr. Litchman also opined that Plaintiff retained the ability to sustain a schedule and pace in a "simple, 1 + 2 step routine at the independent level." (Tr. 413). Dr. Litchman further noted that Plaintiff was "able to be socially approp[riate] with co-workers and supervisors in simple tasks" and

could "set minor goals independently." Id.  On March 10, 2009, Dr. Michael Slavit, a second state agency consulting psychologist, affirmed Dr. Litchman's findings based on his review of the records.  (Tr. 420).

In February 2009, Plaintiff began treatment with Dr. Penelope Yanni, a psychiatrist.  (Tr. 506).  Plaintiff complained to Dr. Yanni of depression and mood issues.  (Tr. 497-505).  Dr. Yanni reported that, upon mental status exam, Plaintiff was cooperative, with a linear and goal-directed thought pattern and intact judgment, insight and cognition.  (Tr. 501-505).  Dr. Yanni also reported that Plaintiff was stable on methadone.  (Tr. 499-505).

Plaintiff also received treatment from Dr. Jo-Ann Donatelli, a clinical psychologist.  (Tr. 579-608).  Plaintiff complained to Dr. Donatelli of anxiety and depression.  (Tr. 591).  Plaintiff also informed Dr. Donatelli that medications were helpful.  (Tr. 579).  Dr. Donatelli noted that Plaintiff was taking a computer class and was looking for work.  (Tr. 592, 603).  Dr. Donatelli reported that Plaintiff's long-term prognosis was fair.  (Tr. 591-593).

On July 8, 2010, Dr. Yanni completed a mental RFC assessment.  (Tr. 574-577).  Dr. Yanni noted that Plaintiff experienced post-traumatic stress disorder, major depressive disorder, generalized anxiety disorder and opioid dependence.  (Tr. 576).  Dr. Yanni opined that Plaintiff had moderately severe and severe limitations in various areas of mental functioning.  (Tr. 574-577).  Dr. Yanni opined that Plaintiff was unable to sustain competitive employment on a full-time, ongoing basis.  (Tr. 576).

## A.     The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 4.  (Tr. 15).  At Step 2, the ALJ found that Plaintiff had "severe" impairments of anxiety, depression and substance abuse in remission.

(Tr. 10).  However, at Step 3, the ALJ found that Plaintiff's impairments did not meet or equal a

listed impairment.  Id.  The ALJ then found that Plaintiff retained the RFC to perform a full range

of work at all exertional levels, but with the following non-exertional limitations:

> The claimant is able to maintain concentration and attention
> sufficient to perform uncomplicated work tasks of up to several steps
> over an eight-hour workday, assuming short work breaks on average
> every two hours.  The claimant is able to interact with the public on
> an occasional basis, provided the interaction does not require more
> than exchange of non-personal work-related information or hand-off
> of products or materials; can work in the presence of coworkers and
> engage in appropriate occasional social interaction, but cannot work
> in the context of a work team where work-related interaction with
> co-workers is constant and physically close; and can deal
> appropriately with supervisors on an occasional basis, but not in
> circumstances in which monitoring and intervention by supervisors
> is physically close and/or frequent or continuous.

(Tr. 11).  Based on this RFC and testimony from the VE, the ALJ then found, at Step 4, that Plaintiff

could perform her past relevant work in food preparation.  (Tr. 15).[1]  Accordingly, the ALJ found

that Plaintiff was not disabled within the meaning of the Social Security Act.  (Tr. 16).

### B.     The ALJ Properly Evaluated the Medical Opinion Evidence, and Substantial Evidence Supports His Mental RFC Finding

Plaintiff argues that the ALJ gave too much weight to the opinions of Dr. Schwartz, a

consulting psychologist, and Drs. Litchman and Slavit, reviewing psychologists; and not enough

weight to the opinion of Dr. Yanni, her treating psychiatrist.  The ALJ was presented with

conflicting medical opinions and thoroughly discusses such evidence in his decision and clearly

articulates the reasons for his conclusions.  See Rivera-Torres v. Sec'y of HHS, 837 F.2d 4, 5 (1st

Cir. 1988) (the resolution of evidentiary conflicts is within the province of the Act).

---

[1]  The ALJ also made an alternative Step 5 finding that Plaintiff's RFC would allow her to make a successful adjustment to other unskilled occupations present in significant numbers in the national economy.  (Tr. 16).

The ALJ gave "greatest weight" to the opinions of Dr. Schwartz and Dr. Litchman. (Tr. 14). He noted that Dr. Schwartz examined Plaintiff and based her opinions on first-hand knowledge. He also noted that Dr. Litchman reviewed the record as of September 11, 2008 and that subsequent treatment records show that Plaintiff's condition had largely remained the same thereafter. Id. Finally, he noted that Dr. Litchman's opinion was subsequently affirmed by Dr. Slavit based on his review of the record as of March 10, 2009. Id. The ALJ also found these opinions to be "consistent with the overall evidence of record" and incorporated them into his RFC finding. Id. Plaintiff has shown no error in the ALJ's consideration of these opinions.

As to Dr. Yanni, the ALJ gave "no weight" to her opinion that Plaintiff was severely limited and totally disabled. (Tr. 15, 574-577). The ALJ accurately indicates that Dr. Yanni's conclusions are inconsistent with her treatment notes and Plaintiff's reported level of functioning in the record. (Tr. 15). Plaintiff's symptoms are generally recorded as mild to moderate and she is able to independently care for her youngest child, run the household, interface with various public assistance agencies and attend various meetings and doctors' visits. Id. Finally, the ALJ accurately pointed out that Plaintiff's mental status exams have remained largely normal, with no cognitive difficulties reported. Id. Plaintiff has shown no error in the ALJ's consideration of Dr. Yanni's opinions. Castro v. Barnhart, 198 F. Supp. 2d 47, 54 (D. Mass. 2002) (citing Shaw v. Sec'y of HHA, 25 F.3d 1037 (1st Cir. 1994)) ("[An ALJ] may reject a treating physician's opinion as controlling if it is inconsistent with other substantial evidence in the record, even if that evidence consists of reports from non-treating doctors.").

Here, Plaintiff primarily disputes the ALJ's consideration of Dr. Schwartz's finding that her ability to respond appropriately to customary work pressures, colleagues and supervisors "appears

to be moderately to severely impaired due to emotional issues." (Tr. 396).  However, Dr. Schwartz

also noted that Plaintiff "has been able to maintain consistent full-time employment as an adult and

does not appear to have any significant difficulties dealing with people in positions of authority or

with co-workers."  Id.  She also indicated that, "[p]ersonally, [Plaintiff] does not appear to be

significantly impaired" and that Plaintiff had "low average" intellectual functioning and fair coping

skills.  (Tr. 395-396).  It is also important to recognize that the ALJ did not evaluate Dr. Schwartz's

report in a vacuum.  That report was also reviewed by Dr. Litchman who assessed no more than

moderate functional limitations and rendered mental RFC conclusions completely consistent with

the RFC assessed by the ALJ.  (Tr. 411-413).  Furthermore, Dr. Slavit later affirmed Dr. Litchman's

assessment and opined that Dr. Schwartz's consultative evaluation "reveals moderate impairment."

(Tr. 420).

While reasonable minds could differ as to the interpretation of this evidence, the issue

presented in this administrative appeal is not whether this Court would have reached the same

conclusion as did the ALJ.  "The ALJ's resolution of evidentiary conflicts must be upheld if

supported by substantial evidence, even if contrary results might have been tenable also."  Benetti

v. Barnhart, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. Sept. 6, 2006) (per curiam) (citing

Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1 (1st Cir. 1987)).  Rather, the narrow issue presented

is whether the ALJ's findings have adequate support in the record.  Since they do, there is no basis

upon which to reject such findings in this case.  The ALJ thoroughly weighed the evidence in the

context of the record as a whole and adequately explained his reasoning.  Plaintiff has simply not

shown the existence of reversible error in the ALJ's treatment of the conflicting medical opinions

and RFC assessments.

-16-

## IV.        CONCLUSION

For the reasons stated above, I order that the Commissioner's Motion for an Order Affirming the Decision of the Commissioner (Document No. 11) be GRANTED and Plaintiff's Motion to Reverse the Decision of the Commissioner (Document No. 8) be DENIED.  Final judgment shall enter in favor of Defendant.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 30, 2012